**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 1:06-CR-0167-MAC-CLS |
| | § | |
| RUSSEL NEIL GATCH | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On November 30, 2023, the undersigned held a final hearing on the Government's petition (#62) to revoke supervised release. The Government was represented by Assistant United States Attorney Dustin Farahnak. The Defendant, Russel Neil Gatch, was represented by retained counsel, Matthew Patton.

Russel Neil Gatch was sentenced on December 20, 2007, before The Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to the offense of Enticement of a Person Under Age 18 to Engage in Criminal Sexual activity, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 34 and a criminal history category of V, was 235 to 293 months. Russel Neil Gatch was subsequently sentenced to 240 months subject to the standard conditions of release, plus special conditions to include financial disclosure; mental health aftercare; sex offender aftercare; no contact with minors; child safety zone restriction; prohibited from possessing or accessing a computer, or accessing the internet; prohibited from the purchase possession or use of portable devices with photographic, internet, and/or recording capability; prohibited from viewing sexually explicit material; search; and a $100.00 special assessment. On December 16, 2022, Russel Neil Gatch completed his period of imprisonment and began service of the supervision term.

Additional information shows that on May 25, 2022, Russel Neil Gatch's conditions of supervision were modified to include placement in a residential reentry center for a period of 180 days to commence upon release from confinement. Mr. Gatch's subsistence fees owed to the residential reentry center were also waived in full.

On August 31, 2023, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory</u>: The defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows: On August 16, 2023, the U.S. Probation Officer was informed that an arrest warrant had been issued for Mr. Russel Gatch by the Marion County Sheriff's Office for the offense of Aggravated Assault Date/Family/House with Weapon, a state felony level offense. The U.S. Probation Office received a copy of the incident report, which indicated that on or about July 18, 2023, Mr. Gatch struck Mr. Shawn Willard Burgess to the head with a flashlight. According to the incident report, charges were not filed initially by Mr. Burgess, but were filed after July 18, 2023. To this day Mr. Gatch has not yet been arrested.

2) <u>Standard</u>: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. Specifically, the Government alleges as follows: On July 18, 2023, the U.S. Probation Officer received a phone call from Mr. Gatch, informing that he contacted the Marion County Sheriff's Office regarding a dispute with his roommate, Mr. William Burgess and his refusal to move out of the residence. When asked what all occurred, Mr. Gatch indicated that the deputy with the Marion County Sheriff's Office responding to his call advised him of how to proceed with the eviction process. Mr. Gatch failed to notify the U.S. Probation Officer of any assault on his part to Mr. Burgess, nor that

charges were in the process of being filed.

  3) <u>Standard</u>:  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.  Specifically, the Government alleges the following:  On August 18, 2023, the U.S. Probation Officer was notified by U.S. Probation Officer Ashley McKinney that Mr. Gatch has been in contact with supervised releasee Arnold Gonzales.  Mr. Gonzales is on supervised release for the felony conviction of Travel with Intent to Engage in Illicit Sexual Contact 2423(b) and (f) and attends sex offender treatment group with Mr. Gatch.  U.S. Probation Officer McKinney discovered that Mr. Gatch and Mr. Gonzales had been having unapproved contact outside of group with one another since May 2023.  Mr. Gatch failed to request permission to have contact or notify the U.S. Probation Officer of any contact with Mr. Gonzales.

  The Court scheduled a revocation hearing for November 30, 2023.  At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #1 set forth above.  Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

  The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 12 months + one day followed by 5 years supervised release with the same conditions and first 6 months spent in a halfway house, with credit for time served since his arrest date of 11/20/23.  Accordingly, it is:

  **RECOMMENDED** that the Defendant's plea of true to the allegation, as set forth in the

Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months + one day followed by 5 years supervised release with the same conditions and first 6 months spent in a halfway house, with credit for time served since his arrest date of 11/20/23.

At the close of the November 30, 2023 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 11th day of December, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE